[USAO#2009R00903/MN]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA     :     Crim. No. 10-256(JAP)-01

v.                           :     18 U.S.C. § 1960 and § 2

SCHMUEL COHEN                :
a/k/a "Schmulik Cohen"             I N F O R M A T I O N

RECEIVED
APR 14 2010
AT 8:30
WILLIAM T. WALSH
CLERK

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

1.   At all times relevant to this Information:

a.   Schmuel Cohen, a/k/a "Schmulik Cohen" ("defendant COHEN"), a citizen of Israel, resided and worked at an electronics store in Brooklyn, New York.

b.   Eliahu Ben Haim (hereinafter, "Ben Haim") resided in the Elberon section of Long Branch, New Jersey, and was the principal rabbi of Ohel Yaacob Congregation, a/k/a Ocean Avenue Synagogue, a synagogue located in Deal, New Jersey.  Through his position as a rabbi, Ben Haim operated several purportedly charitable organizations, including Congregation Ohel Eliahu, Friends of Yechave Da'at and Congregation Yehuda Yaaleh.

c.   There was a Co-schemer who resided in Israel and was the principal source of cash for defendant COHEN (hereinafter, the "Co-schemer").

d. There was a cooperating witness (hereinafter, the "CW") who had been charged in a federal criminal complaint with bank fraud in or about May 2006.

2. At all times relevant to this Information:

a. The law of the State of New Jersey, N.J.S.A. 17:15C-4(a), provided that "no person . . . shall engage in the business of money transmission without a license. . . ." Violations of this law were punishable as a felony.

b. The law of the State of New York, McKinney's Banking Law § 641, provided that "[n]o person shall engage in the business . . . of receiving money for transmission or transmitting the same, without a license . . . ." Violations of this law were punishable as a misdemeanor.

c. Federal law provided that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury. . . ." See 31 U.S.C. § 5330(a)(1).

d. Neither defendant COHEN, Ben Haim, the Co-schemer, nor any business affiliated with any of them, was licensed with the States of New Jersey or New York or registered with the Secretary of the Treasury as a money transmitting business.

2

3. At various times relevant to this Information:

a. Ben Haim agreed to accept and accepted checks from the CW and others made payable to one of Ben Haim's purported charitable organizations. In return for those checks, Ben Haim agreed to return and returned cash to those individuals, less a fee of approximately ten percent for conducting the transactions.

b. After depositing the checks into bank accounts under his control at financial institutions in Deal and Long Branch, New Jersey, Ben Haim wired all or a substantial portion of the proceeds to the Co-schemer in Israel or, at the Co-schemer's direction, to bank accounts located in the United States or elsewhere.

c. In return for a fee from Ben Haim of approximately 1.5 percent, the Co-schemer made cash available to Ben Haim through defendant COHEN to return to the individuals who had submitted checks to Ben Haim.

d. From the electronics store or his residence in Brooklyn, defendant COHEN made arrangements to transfer the cash to Ben Haim or to the CW on Ben Haim's behalf in telephone calls to and from Ben Haim and the CW in New Jersey.

e. Defendant COHEN subsequently transferred the cash to the CW or Ben Haim at defendant COHEN's residence in Brooklyn. On or about the following dates, at the following locations,

defendant COHEN transmitted cash in the following amounts to Ben Haim or the CW:

| DATE OF CASH TRANSFER | LOCATION OF CASH TRANSFER | AMOUNT OF CASH TRANSFERRED |
|---|---|---|
| December 19, 2007 | Defendant Cohen's residence in Brooklyn, New York ("Defendant Cohen's Residence") | $118,000 |
| January 19, 2007 | Defendant Cohen's Residence | $300,000 |
| February 7, 2008 | Defendant Cohen's Residence | $100,000 |
| March 12, 2008 | Electronics store in Brooklyn, New York | $150,000 |
| May 15, 2008 | Long Branch, New Jersey | $200,000 |

In those instances in which defendant COHEN transferred cash to the CW, the CW delivered the cash to Ben Haim in Deal and Long Branch, New Jersey.

4.      From in or about June 2007 to in or about July 2009, in Monmouth County, in the District of New Jersey and elsewhere, defendant

                    SCHMUEL COHEN,
                 a/k/a "Schmulik Cohen,"

knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, and aided and assisted in the same, which business affected interstate and foreign commerce and (a) was operated without an appropriate

money transmitting license in New Jersey and New York, where such operation was punishable as a misdemeanor or a felony under those States' laws; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and regulations prescribed under that Section.

In violation of Title 18, United States Code, Section 1960 and Section 2.

_____
PAUL J. FISHMAN
UNITED STATES ATTORNEY

5

CASE NUMBER: 10-____

**United States District Court
District of New Jersey**

UNITED STATES OF AMERICA

v.

SCHMUEL COHEN
a/k/a "Schmulik Cohen"

**INFORMATION**

18 U.S.C. § 1960
18 U.S.C. § 2

PAUL J. FISHMAN
*U.S. ATTORNEY
NEWARK, NEW JERSEY*

MAUREEN NAKLY
*ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY*
(973) 645-2700